# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DON NORDON,                           )
                                      )
        Plaintiff,            )
                                      )
vs.                                   )     CIVIL NO. 07-782-DRH
                                      )
KEN BARTLEY, *et al.*,                )
                                      )
        Defendants.           )

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Plaintiff, an inmate in the Pickneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for alleged retaliation and alleged denial of due process in connection with a conduct violation. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of

the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## THE COMPLAINT

Plaintiff alleges that he was assigned to work in the Staff Dinner Room.  Due to a freeze on inmate salaries which prevented other inmates from being paid more money, Plaintiff was the only inmate working the Staff Dinner Room making $45.00 per month.  Plaintiff contends that because he earned more money than the other inmates working the Staff Dinner Room (or working in other areas of food service), Defendant Hill assigned Plaintiff additional work assignments - including work assignments outside the Staff Dinner Room.  Plaintiff states that he filed a complaint against Defendant Hill for assigning him the additional work.  Plaintiff contends that Defendant Hill retaliated against him by falsely charging Plaintiff with "insolence" and "sexual misconduct."  Consequently, Plaintiff was immediately placed in segregation and lost his job and pay.  Although Plaintiff was initially found guilty of the charges and placed in disciplinary segregation, the disciplinary action was subsequently expunged because prison staff failed to comply with department rules.  Plaintiff was not reinstated to his old job (or pay).

## ANALYSIS

### 1. Retaliation claim.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident.  *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006).  *See also McElroy v. Lopac*,

2

403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).   In the instant complaint, Plaintiff's complaint concerning Hill was entirely personal gripe concerning a particular incident - the amount of work Hill assigned to Plaintiff because solely he was being paid more than the other inmates.   Consequently, Plaintiff's retaliation claim is without merit and should be dismissed.

### 2. Due process claim.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).   In the instant case, Plaintiff was sent to segregation for approximately three months.  Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.  Therefore, Plaintiff's due process claim is without merit and should be dismissed.   <u>DISPOSITION</u>

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

3

**IT IS SO ORDERED.**

**Dated this 29th day of November, 2007.**

/s/        DavidRHerndon
Chief Judge
United States District Court